# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2447
LT Case No. 2018-303380-CFDB

_____

DAVID LEE DEBENEDICTIS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.850 Appeal from the Circuit Court for Volusia County.
Leah Ransbottom Case, Judge.

David Lee DeBenedictis, Bristol, pro se.

James Uthmeier, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.


December 19, 2025


PER CURIAM.

David DeBenedictis appeals the denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 in which he raised nine grounds for relief—eight claims of ineffective assistance of counsel and a claim of cumulative error. Because DeBenedictis has failed to demonstrate that he is entitled

to relief as to grounds six and seven, we affirm as to those two claims. The postconviction court, however, failed to attach records to its order summarily denying the motion as to grounds one through five, eight, and nine. To uphold a summary denial of a postconviction motion, "the claims must be either facially invalid or conclusively refuted by the record." *Newcomer v. State*, 371 So. 3d 435, 437 (Fla. 5th DCA 2023) (quoting *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999)). On appeal, "unless the record shows conclusively that the appellant is entitled to no relief, the order must be reversed and the cause remanded for an evidentiary hearing or other appropriate relief." Fla. R. App. P. 9.141(b)(2)(D). As the record on appeal fails to show that DeBenedictis was not entitled to relief on grounds one through five and eight and nine, we reverse the postconviction court's denial as to these grounds and remand for further proceedings.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

MAKAR, HARRIS, and SOUD, JJ., concur.

––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––

2